UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| AGUINALDO BRAZAO, *Individually and as p.p.a.* K.V. MARQUES, *a minor child,* | : : : | |
| Plaintiffs, | : : | |
| vs. | : : | No.: |
| PLEASANT VALLEY APARTMENTS, LLC, and A.R. BUILDING COMPANY, INC., | : : : | |
| Defendants. | : | SEPTEMBER 23, 2021 |

## COMPLAINT

### PARTIES

1. Plaintiff Aguinaldo Brazao is a resident of the City of Pawtucket, State of Rhode Island.

2. Plaintiff K.V. Marques is Aguinaldo Brazao's son and minor child, and is also a resident of the City of Pawtucket, State of Rhode Island.

3. Defendant Pleasant Valley Apartments, LLC, is a Connecticut business organization with principal offices in the borough of Seven Fields, Commonwealth of Pennsylvania, and at all relevant times has been registered to do business in the State of Connecticut.

4. Defendant A.R. Building Company, Inc., is a Pennsylvania corporation with a principal place of business in the borough of Seven Fields Pennsylvania, and at all relevant times has been registered to do business in the State of Connecticut.

### FACTS

5. On or about January 16, 2020, Defendants Pleasant Valley Apartments, LLC and A.R. Building Company, Inc. owned and/or operated a property located at 700 Pleasant Valley Road, Groton, Connecticut.

6. On January 16, 2020, Plaintiff Aguinaldo Brazao was employed by Affordable Cleaning Service, LLP of Pawtucket, Rhode Island.

7. On or before January 16, 2020, Defendants Pleasant Valley Apartments, LLC and/or A.R. Building Company, Inc. contracted with Plaintiff Aguinaldo Brazao's employer, Affordable Cleaning Service, LLP for cleaning services at the premises located at 700 Pleasant Valley Road, Groton, Connecticut (hereinafter "the Premises").

8. On January 16, 2020, Plaintiff Aguinaldo Brazao, while working for Affordable Cleaning Services, LLP, performing cleaning services at the Premises, was an invitee, lawfully present on the Premises, which was owned and/or operated by Defendants, who thereby assumed a duty of due care to the Plaintiff.

9. On the aforementioned date, Plaintiff, while engaged in removing debris from the second floor of said Premises, leaned against the railing of the second-floor deck and/or balcony when said railing unexpectedly and suddenly collapsed, causing Plaintiff to fall approximately fifteen (15) feet to the cement ground below, resulting in severe and permanent injuries to the Plaintiff.

10. Defendants, as owners of the aforementioned property, have a responsibility to ensure that the condition of said property was safe and secure; and were aware or should have been aware of the hazard which resulted in the Plaintiff's fall and injuries. Further, Defendants, individually and collectively, failed to design, construct, and maintain the said property, including the railing and porch of the second-floor deck and/or balcony, in a way that made its property safe and secure for foreseeable uses and invitees of said property.

11. Defendants negligently designed and constructed the deck and/or balcony, and railings, in question, failed to maintain and repair the property, and failed to warn parties entering the area, including Plaintiff Aguinaldo Brazao, of the dangerous conditions therein.

By these acts and omissions, Defendants failed to keep the property at 700 Pleasant Valley Road, Groton, Connecticut, in a reasonably safe condition.

12.  At all times material hereto, Plaintiff Aguinaldo Brazao exercised due care for his own safety and the wellbeing and the safety of others.

## JURISDICTION

13.  This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 in that there is diversity of citizenship among the parties and the amount in controversy exceeds seventy-five thousand dollars ($75,000.00), exclusive of costs and interest.

14.  Venue is properly set in the United States District for the District of Connecticut pursuant to 28 U.S.C. § 1391.

## COUNT I
## NEGLIGENCE
## PLEASANT VALLEY APARTMENTS, LLC

1.  Plaintiffs re-state and re-allege Paragraphs 1-14 of the Complaint as if fully set forth herein.

2.  At all relevant times, Defendant Pleasant Valley Apartments, LLC, through its agents, servants, and employees, undertook responsibility for safety at the property located at 700 Pleasant Valley Road in Groton, Connecticut.

3.  At all relevant times, Defendant Pleasant Valley Apartments, LLC, through its agents, servants, and employees, owed a duty to its invitees, including Plaintiff Aguinaldo Brazao, to design, construct, and maintain the Premises, including the railings of the second-floor deck and/or balcony on the Premises, in a reasonably safe manner.

4.  At all relevant times, Defendant Pleasant Valley Apartments, LLC, through its agents, servants, and employees, owed a duty to its invitees, including Plaintiff Aguinaldo

3

Brazao, to reasonably inspect the Premises to ensure that it was in a reasonably safe condition and did not pose an unreasonable risk of harm.

5. At all relevant times, Defendant Pleasant Valley Apartments, LLC, through its agents, servants, and employees, owed a duty to its invitees, including Plaintiff Aguinaldo Brazao, to warn of unsafe or dangerous conditions on the Premises of which it was or through due diligence should have been aware.

6. Defendant Pleasant Valley Apartments, LLC, through its agents, servants, and employees, breached its duty when it failed to exercise due care by not: designing, constructing, and maintaining the Premises in a reasonably safe manner; reasonably inspecting the Premises to ensure that it was in a reasonably safe condition and did not pose an unreasonable risk of harm to invitees; and warning invitees of the unsafe and/or dangerous conditions on the Premises of which it was or through due diligence should have been aware.

7. As a direct and proximate result of the negligence of Defendant Pleasant Valley Apartments, LLC, as aforesaid, Plaintiff Aguinaldo Brazao has suffered severe and permanent injuries to his mind and body, nerves and nervous system, has endured and will in the future endure extreme mental pain and suffering and emotional distress, has been and will in the future be unable to perform his usual activities and enjoyment of life, all of which injuries are permanent, and has been otherwise permanently damaged.

8. By reason of the foregoing, Plaintiff Aguinaldo Brazao has incurred and will in the future incur the need for and resulting expenses for medical and nursing treatment, surgeries, medicines, hospitalizations, therapy and the like, and Plaintiff Aguinaldo Brazao has and will incur a loss of income as a result of his injuries.

9.      By reason of the foregoing, Plaintiff K.V. Marques has been and will be deprived of the services, affection, society, companionship, consortium, and comfort of his father, Aguinaldo Brazao.

WHEREFORE, Plaintiffs Aguinaldo Brazao and K.V. Marques demand judgment against Defendant Pleasant Valley Apartments, LLC, in an amount, that exclusive of interest and costs, exceeds the jurisdictional minimum of this Honorable Court, and whatever further relief this Honorable Court deems just.

## COUNT II
## NEGLIGENCE PER SE
## PLEASANT VALLEY APARTMENTS, LLC

1.      Plaintiffs re-state and re-allege Paragraphs 1-14 of the Complaint and Count I as if fully set forth herein.

2.      At all relevant times, Defendant Pleasant Valley Apartments, LLC, through its agents, servants, and employees, owed a duty to comply with applicable statutes, regulations, and ordinances related to the minimum standards governing the condition and maintenance of rental dwellings and property in the Town of Groton, Connecticut.

3.      Defendant Pleasant Valley Apartments, LLC, through its agents, servants, and employees, breached this duty when it failed to design, construct, and maintain its exterior structures, including its decks, balconies, porches and railings, as required by the Rental Housing Code of the Town of Groton, Section 9-151 of the Code of Ordinances, Town of Groton, Connecticut.

4.      Plaintiff Aguinaldo Brazao was, at the time of the incident on January 16, 2020, within the class of persons whom the above-referenced ordinance was meant to protect.

5. The failure of Defendant Pleasant Valley Apartments, LLC, through its agents, servants, and employees, to comply with the above-referenced ordinance, created the type of hazard against which the ordinance was designed to protect.

6. The failure of Defendant Pleasant Valley Apartments, LLC, through its agents, servants, and employees, to comply with the above-referenced ordinance was a direct and proximate cause of Plaintiff's fall and injuries, and thus constitutes negligence per se.

7. As a direct and proximate result of the negligence of Defendant Pleasant Valley Apartments, LLC, as aforesaid, Plaintiff Aguinaldo Brazao has suffered severe and permanent injuries to his mind and body, nerves and nervous system, has endured and will in the future endure extreme mental pain and suffering and emotional distress, has been and will in the future be unable to perform his usual activities and enjoyment of life, all of which injuries are permanent, and has been otherwise permanently damaged.

8. By reason of the foregoing, Plaintiff Aguinaldo Brazao has incurred and will in the future incur the need for and resulting expenses for medical and nursing treatment, surgeries, medicines, hospitalizations, therapy and the like, and Plaintiff Aguinaldo Brazao has and will incur a loss of income as a result of his injuries.

9. By reason of the foregoing, Plaintiff K.V. Marques has been and will be deprived of the services, affection, society, companionship, consortium, and comfort of his father, Aguinaldo Brazao.

WHEREFORE, Plaintiffs Aguinaldo Brazao and K.V. Marques demand judgment against Defendant Pleasant Valley Apartments, LLC, in an amount, that exclusive of interest and costs, exceeds the jurisdictional minimum of this Honorable Court, and whatever further relief this Honorable Court deems just.

## COUNT III
## VICARIOUS LIABILITY
## PLEASANT VALLEY APARTMENTS, LLC

1. Plaintiffs re-state and re-allege Paragraphs 1-14 of the Complaint and Counts I and II as if fully set forth herein.

2. At all times material hereto, Defendant Pleasant Valley Apartments, LLC, through its agents, servants, and employees, had a duty that required it to conduct, operate, manage, and control its business activities and the activities of its agents, servants, and/or employees with due care and caution, and in accordance with all applicable laws and regulations, to safeguard the life, health, safety, and wellbeing of the Plaintiff.

3. Defendant Pleasant Valley Apartments, LLC's agents, servants, and/or employees failed to adhere to the duty of reasonable care imposed upon them by law when they failed to: design, construct, and maintain the Premises in a reasonably safe manner; reasonably inspect the Premises to ensure that it was in a reasonably safe condition and did not pose an unreasonable risk of harm to invitees; and warn invitees of unsafe or dangerous conditions on the Premises of which it was or through due diligence should have been aware.

4. As a direct and proximate result of the negligence of Defendant Pleasant Valley Apartments, LLC's agents, servants, and/or employees, as aforesaid, Plaintiff Aguinaldo Brazao has suffered severe and permanent injuries to his mind and body, nerves and nervous system, has endured and will in the future endure extreme mental pain and suffering and emotional distress, has been and will in the future be unable to perform his usual activities and enjoyment of life, all of which injuries are permanent, and has been otherwise permanently damaged.

5. Defendant Pleasant Valley Apartments, LLC, is liable for the negligent acts and omissions of its agents, servants, and/or employees.

6. By reason of the foregoing, Plaintiff Aguinaldo Brazao has incurred and will in the future incur the need for and resulting expenses for medical and nursing treatment, surgeries, medicines, hospitalizations, therapy and the like, and Plaintiff Aguinaldo Brazao has and will incur a loss of income as a result of his injuries.

7. By reason of the foregoing, Plaintiff K.V. Marques has been and will be deprived of the services, affection, society, companionship, consortium, and comfort of his father, Aguinaldo Brazao.

WHEREFORE, Plaintiffs Aguinaldo Brazao and K.V. Marques demand judgment against Defendant Pleasant Valley Apartments, LLC, in an amount, that exclusive of interest and costs, exceeds the jurisdictional minimum of this Honorable Court, and whatever further relief this Honorable Court deems just.

## COUNT IV
## NEGLIGENCE
## A.R. BUILDING COMPANY, INC.

1. Plaintiffs re-state and re-allege Paragraphs 1-14 of the Complaint as if fully set forth herein.

2. At all relevant times, Defendant A.R. Building Company, Inc., through its agents, servants, and employees, undertook responsibility for safety at the property located at 700 Pleasant Valley Road in Groton, Connecticut.

3. At all relevant times, Defendant A.R. Building Company, Inc., through its agents, servants, and employees, owed a duty to its invitees, including Plaintiff Aguinaldo Brazao, to design, construct, and maintain the Premises, including the railings of the second-floor deck and/or balcony on the Premises, in a reasonably safe manner.

4. At all relevant times, Defendant A.R. Building Company, Inc., through its agents, servants, and employees, owed a duty to its invitees, including Plaintiff Aguinaldo Brazao, to reasonably inspect the Premises to ensure that it was in a reasonably safe condition and did not pose an unreasonable risk of harm.

5. At all relevant times, Defendant A.R. Building Company, Inc., through its agents, servants, and employees, owed a duty to its invitees, including Plaintiff Aguinaldo Brazao, to warn of unsafe or dangerous conditions on the Premises of which it was or through due diligence should have been aware.

6. Defendant A.R. Building Company, Inc., through its agents, servants, and employees, breached its duty when it failed to exercise due care by not: designing, constructing, and maintaining the Premises in a reasonably safe manner; reasonably inspecting the Premises to ensure that it was in a reasonably safe condition and did not pose an unreasonable risk of harm to invitees; and warning invitees of any unsafe or dangerous conditions on the Premises of which it was or through due diligence should have been aware.

7. As a direct and proximate result of Defendant A.R. Building Company, Inc.'s negligence, as aforesaid, Plaintiff Aguinaldo Brazao has suffered severe and permanent injuries to his mind and body, nerves and nervous system, has endured and will in the future endure extreme mental pain and suffering and emotional distress, has been and will in the future be unable to perform his usual activities and enjoyment of life, all of which injuries are permanent, and has been otherwise permanently damaged.

8. By reason of the foregoing, Plaintiff Aguinaldo Brazao has incurred and will in the future incur the need for and resulting expenses for medical and nursing treatment,

surgeries, medicines, hospitalizations, therapy and the like, and Plaintiff Aguinaldo Brazao has and will incur a loss of income as a result of his injuries.

9. By reason of the foregoing, Plaintiff K.V. Marques has been and will be deprived of the services, affection, society, companionship, consortium, and comfort of his father, Aguinaldo Brazao.

WHEREFORE, Plaintiffs Aguinaldo Brazao and K.V. Marques demand judgment against Defendant A.R. Building Company, Inc., in an amount, that exclusive of interest and costs, exceeds the jurisdictional minimum of this Honorable Court, and whatever further relief this Honorable Court deems just.

## COUNT V
## NEGLIGENCE PER SE
## A.R. BUILDING COMPANY, INC.

1. Plaintiffs re-state and re-allege Paragraphs 1-14 of the Complaint and Count IV as if fully set forth herein.

2. At all relevant times, Defendant A.R. Building Company, Inc., through its agents, servants, and employees, owed a duty to comply with applicable statutes, regulations, and ordinances related to the minimum standards governing the condition and maintenance of rental dwellings and property in the Town of Groton, Connecticut.

3. Defendant A.R. Building Company, Inc., through its agents, servants, and employees, breached this duty when it failed to design, construct, and maintain its exterior structures, including its decks, balconies, porches and railings, as required by the Rental Housing Code of the Town of Groton, Section 9-151 of the Code of Ordinances, Town of Groton, Connecticut.

4. Plaintiff was, at the time of the incident on January 16, 2020, within the class of persons whom the above referenced ordinance was meant to protect.

5. The failure of Defendant A.R. Building Company, Inc., through its agents, servants, and employees, to comply with the above referenced ordinance, created the type of hazard against which the ordinance was designed to protect.

6. The failure of Defendant A.R. Building Company, Inc., through its agents, servants, and employees, to comply with the above referenced ordinance was a direct and proximate cause of Plaintiff's fall and injuries, and thus constitutes negligence per se.

7. As a direct and proximate result of the negligence of Defendant A.R. Building Company, Inc., as aforesaid, Plaintiff Aguinaldo Brazao has suffered severe and permanent injuries to his mind and body, nerves and nervous system, has endured and will in the future endure extreme mental pain and suffering and emotional distress, has been and will in the future be unable to perform his usual activities and enjoyment of life, all of which injuries are permanent, and has been otherwise permanently damaged.

8. By reason of the foregoing, Plaintiff Aguinaldo Brazao has incurred and will in the future incur the need for and resulting expenses for medical and nursing treatment, surgeries, medicines, hospitalizations, therapy and the like, and Plaintiff Aguinaldo Brazao has and will incur a loss of income as a result of his injuries.

9. By reason of the foregoing, Plaintiff K.V. Marques has been and will be deprived of the services, affection, society, companionship, consortium, and comfort of his father, Aguinaldo Brazao.

WHEREFORE, Plaintiffs Aguinaldo Brazao and K.V. Marques demand judgment against Defendant A.R. Building Company, Inc., in an amount, that exclusive of interest and costs, exceeds the jurisdictional minimum of this Honorable Court, and whatever further relief this Honorable Court deems just.

**COUNT VI**
**VICARIOUS LIABILITY**
**A.R. BUILDING COMPANY, INC.**

1. Plaintiffs re-state and re-allege Paragraphs 1-14 of the Complaint and Counts IV and V as if fully set forth herein.

2. At all times material hereto, Defendant A.R. Building Company, Inc., through its agents, servants, and employees, had a duty that required it to conduct, operate, manage, and control its business activities and the activities of its agents, servants, and/or employees with due care and caution, and in accordance with all applicable laws and regulations, to safeguard the life, health, safety, and wellbeing of the Plaintiff.

3. Defendant A.R. Building Company, Inc.'s agents, servants, and/or employees failed to adhere to the duty of reasonable care imposed upon them by law when they failed to: design, construct, and maintain the Premises in a reasonably safe manner; reasonably inspect the Premises to ensure that it was in a reasonably safe condition and did not pose an unreasonable risk of harm to invitees; and warn invitees of unsafe or dangerous conditions on the Premises of which it was or through due diligence should have been aware.

4. As a direct and proximate result of the negligence of Defendant A.R. Building Company, Inc.'s agents, servants, and/or employees, as aforesaid, Plaintiff Aguinaldo Brazao has suffered severe and permanent injuries to his mind and body, nerves and nervous system, has endured and will in the future endure extreme mental pain and suffering and emotional distress, has been and will in the future be unable to perform his usual activities and enjoyment of life, all of which injuries are permanent, and has been otherwise permanently damaged.

5.    Defendant A.R. Building Company, Inc. is liable for the negligent acts and omissions of its agents, servants, and/or employees.

6.    By reason of the foregoing, Plaintiff Aguinaldo Brazao has incurred and will in the future incur the need for and resulting expenses for medical and nursing treatment, surgeries, medicines, hospitalizations, therapy and the like, and Plaintiff Aguinaldo Brazao has and will incur a loss of income as a result of his injuries.

7.    By reason of the foregoing, Plaintiff K.V. Marques has been and will be deprived of the services, affection, society, companionship, consortium, and comfort of his father, Aguinaldo Brazao.

WHEREFORE, Plaintiffs Aguinaldo Brazao and K.V. Marques demand judgment against Defendant A.R. Building Company, Inc., in an amount, that exclusive of interest and costs, exceeds the jurisdictional minimum of this Honorable Court, and whatever further relief this Honorable Court deems just.

## DEMAND FOR JURY TRIAL

Plaintiffs demands a trial by jury.

PLAINTIFFS,
AGUINALDO BRAZAO, *Individually and as p.p.a.* K.V. MARQUES,

By: /s/ Patrick M. Fahey
Patrick M. Fahey (ct13862)
Jaime Welsh (ct30078)
SHIPMAN & GOODWIN LLP
One Constitution Plaza
Hartford, CT 06103-1919
(860) 251-5000
(860) 251-5219 (fax)
pfahey@goodwin.com
jwelsh@goodwin.com

Pending admission *pro hac vice*,

/s/ Amato A. DeLuca
Amato A. DeLuca
Matthew D. Provencher
Katelyn M. Revens
DeLUCA & ASSOCIATES, LTD.
199 North Main Street
Providence, RI  02903
(401) 453-1500
(401) 453-1501 (fax)
bud@delucaandassociates.com
natt@delucaandassociates.com
kate@delucaandassociates.com

Their Attorneys

SG 10341092v.3