UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
AGUINALDO BRAZAO et al.,        :
                                :
      Plaintiffs,               :
                                :
      v.                        :  CASE NO. 3:21-cv-1275(SALM)
                                :
PLEASANT VALLEY APARTMENTS,     :
LLC et al.,                     :
                                :
      Defendants.               :
```

**RULING ON PLAINTIFFS' MOTIONS TO COMPEL**

Plaintiffs, Aguinaldo Brazao and K.V. Marques, have filed two motions to compel discovery, one to compel discovery from defendant Pleasant Valley Apartments, LLC ("Pleasant Valley") (dkt. #84) and one to compel discovery from defendant A.R. Building Company, Inc. ("A.R. Building") (dkt. #83). Defendants Pleasant Valley and A.R. Building oppose the motions. (Dkt. #92.)

The Honorable Sarah A. L. Merriam referred these motions to the undersigned for a ruling. After reviewing the parties' submissions, plaintiffs' motions to compel are GRANTED.

I.   Background

The Court will briefly summarize the factual allegations relevant to the pending motions. Plaintiff Brazao was an employee of Affordable Cleaning Services, LLC. ("Affordable") (Dkt. #83-1 at 1; dkt. #84-1 at 1.) Affordable contracted with defendants to provide cleaning services at apartment buildings

in the final phases of construction. (Dkt. #83-1 at 1; dkt. #84-1 at 1.) Brazao was cleaning on a second-floor porch when he leaned against a railing and the railing collapsed. (Dkt. #83-1 at 2; dkt. #84-1 at 2.) Brazao fell fifteen feet to the ground, suffering injuries to his head and left elbow. (Dkt. #83-1 at 2; dkt. #84-1 at 2.) Plaintiff Marques is Brazao's minor child. (Dkt. #1 at 1.)

Plaintiffs allege negligence, negligence *per se*, and vicarious liability. (*See generally* dkt. #1.) Plaintiffs served discovery on defendants on November 29, 2021. (Dkt. #84-6 ¶ 3; dkt. #85 ¶ 3). Defendants served their responses on January 7, 2022. (Dkt. #84-6 ¶ 4; dkt. #85 ¶ 4.) On January 21, 2022, Judge Merriam stayed all deadlines until the later of March 31, 2022, or 21 days after counsel for the newly added defendants appeared. (Dkt. #58.) Plaintiffs and defendants continued to conduct discovery, engaging in a meet and confer on February 21, 2022. (Dkt. #84-6 ¶ 8; dkt. #85 ¶ 8.) Defendants agreed to supplement their responses within 30 days of the meet and confer. (Dkt. #84-6 ¶ 8; dkt. #85 ¶ 8.) On April 4, 2022, defendants supplemented some of their responses. (Dkt. #84-6 ¶ 10; dkt. #85 ¶ 10.)

Plaintiffs filed their motions to compel on May 2, 2022. (Dkt. #83; dkt. #84.) Pursuant to Rule 7(a)(2) of the Local Rules of Civil Procedure, defendants' memoranda in opposition to

the motions to compel were due on May 22, 2022. However, defendants did not file a response by that date. On May 25, 2022, the Court ordered defendants "to show cause as to why plaintiffs' motions to compel should not be granted" by June 1, 2022. (Dkt. #91.) Thereafter, defendants filed a joint memorandum in opposition to plaintiffs' motions to compel on May 26, 2022. (Dkt. #92.) Plaintiffs filed their reply briefs on June 1, 2022. (Dkt. #93; dkt. #94.)

II.  Legal Standard

Under Rule 37(a)(3)(B) of the Federal Rules of Civil Procedure, "[a] party seeking discovery may move for an order compelling answer, designation, production or inspection." Fed. R. Civ. P. 37(a)(3)(B). "'[T]he burden of demonstrating relevance remains on the party seeking discovery,' while 'the party resisting discovery has the burden of showing undue burden or expense.'" Bagley v. Yale Univ., No. 3:13-cv-01890 (CSH), 2015 WL 8750901, at *7 (D. Conn. Dec. 14, 2015) (quoting State Farm Mut. Auto. Ins. Co. v. Fayda, No. 14 Civ. 9792, 2015 WL 7871037, at *2 (S.D.N.Y. Dec. 12, 2015)).

District courts have "wide latitude to determine the scope of discovery, and [courts of appeal] ordinarily defer to the discretion of district courts regarding discovery matters." In re Agent Orange Product Liability Litig., 517 F.3d 76, 103 (2d Cir. 2008) (internal quotation marks and citations omitted); see

also Crawford-El v. Britton, 523 U.S. 574, 598 (1998) ("Rule 26 vests the trial judge with broad discretion to tailor discovery narrowly and to dictate the sequence of discovery.").

## III. Discussion

Before addressing the merits of the motions to compel, the Court will first address the defendants' failure to timely file their memorandum in opposition to the motions. Pursuant to Rule 7(a)(3) of the Local Rules, "[f]ailure to submit a memorandum in opposition may be deemed sufficient cause to grant the motion, except where the pleadings provide sufficient grounds to deny the motion." D. Conn. L. Civ. R. 7(a)(3). Defendants did not address their failure to comply with the Local Rules, despite the Court's order for defendants to show cause as to why plaintiffs' motions should not be granted. Despite these failures, it is the Court's preference to resolve the motions based upon the merits and not procedural technicalities.

Because plaintiffs seek to compel responses to identical interrogatories and requests for production from defendants who are represented by the same counsel, who provided identical responses, and who jointly filed one memorandum in opposition to the motions to compel (see dkt. #92), the Court will address both motions to compel together without distinguishing between them.

### a. *Interrogatory No. 8*

Interrogatory No. 8 asks, "Please state, in your own words, your understanding of the events surrounding plaintiff's injury on the second-floor patio at the premises located at 700 Pleasant Valley Road, Groton, Connecticut on January 16, 2020, and include in your answer the basis upon which you have formed that belief or understanding. Identify each person (excluding your attorney) who provided you with information which enabled you to respond to this interrogatory." (Dkt. #83-2 at 2; dkt. #84-2 at 2.)

Defendants answered, "It is the defendant's position that the plaintiff was leaning on the railing of the second floor balcony. The rail clip fixed to the upper post came off which resulted in the railing panel to push out, causing the plaintiff to fall." (Dkt. #83-4 at 5; dkt. #84-4 at 5.) Defendants then supplemented their answer, stating, "The basis for this understanding comes from the Defendants own incident investigation and report about the details obtained on the site the morning of the fall as well as Plaintiff's affirmation of the same understanding as alleged in his Complaint." (Dkt. #83-5 at 3; dkt. #84-5 at 3.)

Plaintiffs argue that defendants did not fully answer this interrogatory because they did not provide the names of the

individuals involved in the accident or who obtained details the
morning of the accident. (Dkt. #83-1 at 6; dkt. #84-1 at 6.)

Defendants argue that their answer to Interrogatory No. 8
must be read in conjunction with their answer to Interrogatory
No. 5. (Dkt. #92 at 2.) Interrogatory No. 5 asked defendants to
"[i]dentify each person interviewed concerning the incident" and
to identify that person's name, the date of the interview, the
name of the interviewer, and the substance of the interview.
(Dkt. #83-2 at 3; dkt. #84-2 at 3.) Defendants supplemented
their answer to Interrogatory No. 5 and indicated that Victor
Carr, the former project manager, called Sean McManus,
identified elsewhere as Vice President of both defendants, on
the day of the incident, and Mr. McManus instructed Mr. Carr "to
find out as much information as possible about the incident and
to create the incident report." (Dkt. #83-5 at 2-3; dkt. #84-5
at 2-3.)

While Interrogatory No. 5 gives plaintiffs an idea of whom
defendants interviewed about the incident, it does not
adequately inform plaintiffs of "each person" who provided
defendants with the information necessary to answer
Interrogatory No. 8. If defendants relied on Mr. McManus or Mr.
Carr to provide them with the information included in their
answer to Interrogatory No. 8, they must affirmatively state
such. Plaintiffs' interrogatory clearly asked defendants to

identify the individuals who provided the information that defendants relied upon to answer the interrogatory. *See* Richard v. Dignean, 332 F.R.D. 450, 460 (W.D.N.Y. 2019) (finding that an answer of "numerous different people" was not a sufficient answer to an interrogatory inquiring who trained defendant). Defendants plainly did not answer the portion of Interrogatory No. 8 which asked defendants to identify the individuals who provided defendants the information which enabled defendants to respond Interrogatory No. 8; instead, defendants replied that the understanding comes from their investigation and plaintiffs' complaint. (Dkt. #83-5 at 3; dkt. #84-5 at 3.) It is not reasonable to assume that plaintiffs would have understood that Interrogatory No. 5 also answered Interrogatory No. 8. For instance, in response to Interrogatory No. 4, defendants identify thirteen individuals who have knowledge of the incident identified in the complaint. (Dkt. #83-4 at 3; Dkt. #84-4 at 3.) Given the answers to other interrogatories, it is difficult to assume that plaintiffs would have and should have understood who provided the information that formed the basis of defendants' answer to Interrogatory No. 8. *See e.g.*, Zanowic v. Reno, No. 97CIV.5292(JGK)(HBP), 2000 WL 1376251, at *3 (S.D.N.Y. Sept. 25, 2000)("The fact that plaintiff may have identified some friends and family members elsewhere in his interrogatory answers does not substitute for a complete answer to Interrogatories 5 and 6.

Defendants should not be made to guess which individuals identified elsewhere in plaintiff's interrogatory answers might also have information concerning plaintiff's marriages.")

The motions to compel an answer to Interrogatory No. 8 are GRANTED.

### b. *Interrogatory No. 22*

Interrogatory No. 22 asks, "Please describe any and all installation, maintenance, repairs, replacements, modifications, or service conducted or performed on or related to the porch or porch railings on defendant's premises from January 16, 2015 to the present date." (Dkt. #83-2 at 5; dkt. #84-2 at 5.)

Defendants objected on the grounds that the interrogatory was overbroad, unduly burdensome, and disproportionate to the needs of the case, but nevertheless answered, "Other than installation, re-installing and any repairs performed by 84 Lumber Company, this defendant is unaware of any other work associated with the porch or railing." (Dkt. #83-4 at 5; dkt. #84-4 at 5.)

Plaintiffs argue that defendants' answer "does not describe these installations or repairs in any detail" and that this "interrogatory goes to the heart of this case." (Dkt. #83-1 at 6; dkt. #84-1 at 6.)

Defendants argue that their answer is a complete response. (Dkt. #92 at 2.) Defendants also argue that 84 Lumber Company is

a defendant, and plaintiffs can and should serve discovery upon it to ask this question. (Id. at 2-3.) Defendants also argue that plaintiffs state "that 84 Lumber Company was hired for work associated with the porch railings and that it would have detailed information about the work." (Id. at 2.)

Plaintiffs stated, "Upon information and belief, the defendant hired 84 Lumber Company to perform this work, and as a result, they should have detailed information on what work was performed, when it was performed, and why it was performed." (Dkt. #83-1 at 6; Dkt. #84-1 at 6.) The Court reads this to say that *defendants* should have detailed information about the work 84 Lumber Company performed because defendants hired 84 Lumber Company. It would stand to reason that if defendants hired 84 Lumber Company to perform the "installation, re-installing and any repairs," defendants would have some idea as to what work 84 Lumber Company did for the defendants.

The fact that plaintiffs could also obtain this information from 84 Lumber Company does not absolve defendants of their burden to answer the interrogatories propounded upon them.

Defendants have not articulated a basis for why they do not have this information. Because defendants hired 84 Lumber Company and own the property where 84 Lumber Company performed services, defendants should have control over the information sought by plaintiffs or should be able to obtain the

9

information. *See* Rivera v. United Parcel Serv., 325 F.R.D. 542, 546 (S.D.N.Y. 2018) ("A party served with interrogatories under Rule 33 has a duty to compile information within his control and provide all information available in his responses.") (internal quotation marks and citation omitted); Twentieth Century Fox Film Corp. v. Marvel Enters., Inc., 2002 WL 1835439 (S.D.N.Y. Aug. 8, 2002) ("A party served with interrogatories is obliged to respond by furnishing such information as is available to the party. Defendant therefore is obliged to respond to the interrogatories not only by providing the information it has, but also the information within its control or otherwise obtainable by it.") (internal quotation marks and citations omitted). If defendants do not have the information readily available, they have an obligation to conduct a reasonable inquiry into the information sought by plaintiffs and detail the efforts they undertook. *See* Neogenix Oncology, Inc. v. Gordon, CV 14-4427 (JFB) (AKT), 2017 WL 4233028, at *2 (E.D.N.Y. Sept. 22, 2017).

The motions to compel a response to Interrogatory No. 22 are GRANTED.

### c. *Interrogatory Nos. 18 and 19*

Interrogatory No. 18 asks, "When was the last time, prior to the plaintiff's injury on January 16, 2020 at approximately 6:00 a.m., that the second-floor porch and porch railing of unit

205 were inspected or examined, who performed said inspection or examination, and what were the results, if any, of said inspection or examination?" (Dkt. #83-2 at 4; dkt. #84-2 at 4.)

Interrogatory No. 19 asks, "When was the last time, prior to the plaintiff's injury on January 16, 2020 at approximately 6:00 a.m., that the second-floor porch and porch railing of unit 205 was repaired, replaced, serviced, or otherwise received maintenance, and who performed said repair, replacement, service, or maintenance?" (Dkt. #83-2 at 4; dkt. #84-2 at 4.)

To both interrogatories, defendants answered, "This information is not known at this time." (Dkt. #83-4 at 7; dkt. #84-4 at 7.)

Plaintiffs argue that these answers are placeholders for defendants to answer in the future, at which point defendants' responses will be untimely. (Dkt. #83-1 at 7-8; dkt. #84-1 at 8.) Plaintiffs also argue that defendants did not object to these interrogatories. (Dkt. #83-1 at 7; dkt. #84-1 at 8.)

Defendants argue that their answers were sufficient and "that the answers were made to the best of the knowledge and belief of the undersigned Defendants." (Dkt. #92 at 3.) Defendants also reiterate their argument that other parties to the litigation, specifically 84 Lumber Company and United Builders Solutions, Inc., may be knowledgeable about the installation and repairs of the railings. (Id.)

11

As the Court has already articulated, the fact that other
parties to the litigation may also have the knowledge to answer
and interrogatory does not absolve defendants of their
obligation to answer the interrogatories served on them. *See
supra* pp. 9-10.

Turning to the substance of the responses, defendants'
answers are insufficient.

> If a party is unable to reply because it lacks knowledge
> or information, the party may not simply refuse to answer.
> Rather the party must respond in a way that lets the
> requesting party know the information is unavailable. .
> . . Simply stating that a party does not know the answer
> to legitimate questions is unacceptable; a party has a
> duty to inquire or find the answer.

7 James Wm. Moore et al., Moore's Federal Practice § 33.102(3)
(3d ed. 2022); *see also* Braham v. Perelmuter, No.
3:15CV1094(JCH)(SALM), 2016 WL 1305118, at *2-3 (D. Conn. Apr.
1, 2016); Zanowic, 2000 WL 1376251, at *3 n.1 (A party who
responds to interrogatories is not required to provide
information that is unknown and unknowable "however, a party is
under a duty to make a reasonable inquiry concerning the
information sought in interrogatories, and a party's failure to
describe his efforts to obtain the information sought by
plaintiffs renders his responses insufficient.")  Defendants do
not provide any information about their efforts to ascertain the
information requested in these interrogatories. As the Court has
already stated, defendants have an obligation to provide the

information in their possession or control, including information they are able to obtain. Neogenix Oncology, 2017 WL 4233028, at *2; Braham, 2016 WL 1305118, at *3. Defendants, as plaintiffs point out, also have not raised any objections to these interrogatories. (Dkt. #83-1 at 7; dkt. #84-1 at 8.)

The motions to compel answers to Interrogatory Nos. 18 and 19 are GRANTED. Defendants shall make reasonable inquiries into the inspection and repair of the porch railing of unit 205 and shall provide the information to the plaintiffs. If the defendants are unable to provide such information to plaintiffs, defendants shall detail their efforts to obtain this information.

### d. *Request for Production No. 8*

Request for Production No. 8 seeks "[a]ny documents, reports, or memoranda, including any job descriptions, that describe the business relationship between the defendant and the following individuals named in defendant's initial disclosure: Keith Lenhart, Sean McManus, and Victor Carr." (Dkt. #83-3 at 2; dkt. #84-3 at 2.)

Defendants objected, saying, "This production request seeks the disclosure of confidential documents protected by Connecticut General Statutes § 31-128f. Furthermore, the Defendant already complied with the initial disclosures required by Rule 26(a)(1) and disclosed their identification information.

13

As a result, this request is disproportionate and not relevant to any party's claim or defense in this case." (Dkt. #83-4 at 11; dkt. #84-4 at 11.)

Plaintiffs argue that defendants' reliance on Connecticut General Statues § 31-128f is misplaced. (Dkt. #83-1 at 8-9; dkt. #84-1 at 9.) Plaintiffs argue that Connecticut General Statutes § 31-128f protects personally identifiable information or medical records of employees and that this protection is inapplicable to the job descriptions and business records they seek. (Dkt. #83-1 at 8; dkt. #84-1 at 9.) Plaintiffs argue that this request is relevant because the individuals were named in defendants' initial disclosure as having information about the incident. (Dkt. #83-1 at 8-9; dkt. #84-1 at 9.)

Defendants argue that Request for Production No. 8 is really "an interrogatory seeking identification information about three individuals." (Dkt. #92 at 3-4.) Defendants argue that the three individuals were already identified in full, and so any additional documentation is irrelevant and disproportionate to the needs of the case. (Id. at 4.) Defendants also argue that a request describing the business relationship between defendants and the individuals "speaks directly to confidential personnel file information protected by" Connecticut General Statues § 31-128f. (Id.)

14

Connecticut General Statutes § 31-128f provides that "[n]o individually identifiable information contained in the personnel file or medical records of any employee shall be disclosed by an employer to any person or entity not employed by or affiliated with the employer without the written authorization of such employee." Conn. Gen. Stat. § 31-128f. Cases in this district have made clear that "the statute includes an exception permitting such disclosure 'pursuant to a lawfully issued administrative summons or judicial order.'" Harries v. Turbine Controls, Inc., No. 21-cv-467(JCH)(SDV), 2022 WL 1644599, at *3 (D. Conn. May 24, 2022) (quoting Conn. Gen. Stat. § 31-128f).

Upon review of defendants' answers to plaintiffs' interrogatories and requests for production, the Court cannot find any answer sufficient to render plaintiffs' requests for a job description or information relating to business relationship duplicative, as defendants argue. The Court was only able to find references to job titles and addresses, but nothing on par with a job description or a more detailed explanation of the business relationships between the individuals and the defendants. The documents plaintiffs seeks are relevant to their claims as these documents could provide important information about key witnesses.

The motions to compel Request for Production No. 8 are GRANTED.

**e.** *Request for Production No. 9*

Request for Production No. 9 seeks "[a] complete page by page copy of any policies of liability insurance under which any insurance company may be liable to satisfy part or all of any judgment which may be entered in this action, or to indemnify or reimburse defendant for payments made to satisfy any judgment in this action, including but not limited to any primary, excess, and umbrella coverage, as well as any policy naming defendant as a co-insured or an also-insured." (Dkt. #83-3 at 2; dkt. #84-3 at 2.)

Defendants objected, saying, "The Defendant already complied with the initial disclosures required by Rule 26(a)(1) and disclosed applicable insurance information. As a result, this request is disproportionate and not relevant to any party's claim or defense in this case." (Dkt. #83-4 at 13; dkt. #84-4 at 13.)

Plaintiffs argue that Rule 26(a)(1)(A)(iv) of the Federal Rules of Civil Procedure is clear that defendants are required to provide a copy of any insurance agreement relevant to the litigation as part of their initial disclosures, and "[a]ny response short of the full and complete insurance agreement, including all of its contents, is insufficient." (Dkt. #83-1 at 9; dkt. #84-1 at 10.)

16

Defendants argue that they complied with Rule 26(a)(1)(A)(iv) by providing the insurance company face sheets or declaration pages to plaintiffs. (Dkt. #92 at 4.)

Rule 26(a)(1)(A)(iv) provides, "a party must, without awaiting a discovery request, provide to the other parties . . . for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment." Fed R. Civ. P. 26(a)(1)(A)(iv).

Defendants rely on Johnson v. Reed, No. 17-cv-8620 (NSR)(AEK), 2022 WL 855903 at *1 (S.D.N.Y. Mar. 23, 2022) to argue that providing a face sheet satisfies Rule 26(a)(1)(A)(iv). In Johnson, the court referenced that it previously held that the defendants had satisfied their obligation under Rule 26(a)(1)(A)(iv) by providing face sheets for two years of coverage. Id. The Court has reviewed the underlying order referenced in the Johnson opinion and does not find it persuasive. In Johnson, the court ordered defense counsel to "send an affidavit to Plaintiff affirming that the insurance policy reflected on the face sheet was in effect at the time of the incidents underlying Plaintiffs [sic] complaint." Johnson v. Reed, No. 17-cv-8620-NSR-AEK (S.D.N.Y. Aug. 3, 2020). The court then subsequently held that the

production of the face sheets satisfied Rule 26(a)(1)(A)(iv). <u>Johnson v. Reed</u>, No. 17-cv-8620-NSR-AEK (S.D.N.Y. Jan. 14, 2021), ECF NO. 63, at 4.

Unlike <u>Johnson</u>, there is no accompanying affidavit to support that the face sheets constitute the full insurance coverage. Nor have defendants put forth any reason why they cannot provide full copies of the insurance policies. In light of the clear language of Rule 26(a)(1)(A)(iv) that defendants shall produce "any *insurance agreement*," the Court finds the production of only the face sheets insufficient. Courts within the Second Circuit have ordered the full production of insurance policies.[1] *See* <u>Yancey v. Hooten</u>*, 180 F.R.D. 203, 214 (D. Conn. 1998) (rejecting defendant's argument that request for insurance agreements is irrelevant); <u>Moran v. Designet Int'l</u>*, 557 F. Supp. 2d 378, 380 (W.D.N.Y. 2008) (ordering defendants to copy

---

[1] Case law from outside the Second Circuit makes clear that face sheets or declaration pages do not satisfy Rule 26(a)(1)(A)(iv). *See* <u>Garcia v. Techtronic Indus. N. Am., Inc.</u>, Nos. 2:13-cv-05884(MCA)(JAD), 3:14-cv-00840(KM)(JAD), 2:14-cv-04697(KM)(JAD), 2015 WL 1880544, at *4 (D.N.J. Apr. 22, 2015) ("This Court finds that the production of merely the declaration pages is insufficient to satisfy Rule 26."); <u>Schmidt v. Shifflet</u>, No. 1:18-cv-00663-KBM-LF, 2019 WL 3573507, at *1 (D.N.M. Aug. 6, 2019) ("Both Rule 26 and the governing case law require disclosure of the entire insurance policy. . . . The rule does not limit the disclosure to the dec pages, and the defendants have not provided any explanation why the entire policy should not be disclosed. Further, the disclosure of the dec pages generally is insufficient to satisfy a party's obligation under Rule 26.")

and produce all relevant insurance policies to the extent they were not produced with initial Rule 26 materials).

The motions to compel Request for Production No. 9 are GRANTED.

### f. *Request for Production No. 29*

Request for Production No. 29 seeks "[a] copy of the defendant's organizational chart, showing its officers, directors, management and employees." (Dkt. #83-3 at 6; dkt. #84-3 at 6.)

Defendants objected that "[t]he Defendant already complied with the initial disclosures required by Rule 26(a)(1) and disclosed persons likely to have discoverable information. As a result, this request is disproportionate and not relevant to any party's claim or defense in this case." (Dkt. #83-4 at 16; dkt. #84-4 at 16.)

Plaintiffs argue that defendants' organizational chart is relevant because it will help plaintiffs determine whom to depose. (Dkt. #83-4 at 10; dkt. #84-4 at 11.) Plaintiffs seek to understand where the individuals identified by defendant as having information about the incident "stand in relation to the hierarchy of the organization as a whole." (Dkt. #83-1 at 10; dkt. #84-4 at 10.) Plaintiffs' counsel also mentions that their client has mentioned the names of managers or employees, and plaintiffs' counsel seek to discover what position and job

19

responsibilities those individuals may have had. (Dkt. #83-3 at 10; dkt. #84-4 at 10-11.)

Defendants raise three arguments in response. First, Defendants argue that to the extent that plaintiffs are seeking the organizational chart to discover more information about Mr. Lenhart, Mr. McManus, and Mr. Carr, information about their various positions has already been produced. (Dkt. #92 at 5.) Second, defendants argue that the names of employees mentioned by plaintiff to his counsel is too "speculative to warrant the disclosure of a complete organizational chart." (Id. at 5.) Third, defendants argue that the request for an organizational chart is a fishing expedition, as "Plaintiff admittedly, albeit vaguely, knows the names of people that are of interest to him for depositions." (Id.) Defendants also note that plaintiffs' counsel failed to seek the assistance of defense counsel in helping to identify the individuals that plaintiff mentioned to his counsel. (Id.)

Because relevance is a low threshold for discovery purposes, the Court finds that the organizational chart is relevant. Plaintiffs have articulated several bases for relevancy related to witnesses and potential depositions. Additionally, defendants have not articulated how this request is disproportionate to the needs of the case or why the organizational chart would be difficult or expensive to produce.

And production of the organizational chart may already fall under Request for Production No. 8, to the extent that it describes the business relationship between the named individuals and the defendant companies. The Court also encourages the parties to work together to the extent possible related to the additional witnesses that plaintiffs seek to identify.

The motions to compel Request for Production No. 29 are GRANTED.

IV.  Conclusion

For the reasons set forth above, plaintiffs' motions to compel (dkt. #83; dkt. #84) are GRANTED.

This is not a Recommended Ruling. This is a discovery ruling or order which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Conn. L. R. 72.2. As such, it is an order of the Court unless reversed or modified by a district judge upon motion timely made.

SO ORDERED this 28th of July, 2022 at Hartford, Connecticut.

_____
                /s/
Robert A. Richardson
United States Magistrate Judge